# Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys
## For cases filed on or after 11/01/2023

It is important for Chapter 13 debtors to understand their rights and responsibilities, and the need to communicate with their attorneys to make the case successful. It is also important that debtors understand their attorneys' responsibilities. In order to ensure that debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, the following guidelines are hereby agreed to by the debtors and their attorneys. Unless the Court orders otherwise,

BEFORE THE CASE IS FILED

**The debtor agrees to:**

1. Provide the attorney with accurate financial information concerning income, expenses, assets, and liabilities; and photo identification and proof of their social security number or tax identification number
2. Discuss with the attorney the debtor's objectives in filing the case..

**The attorney agrees to:**

1. Meet with the debtor to review the debtor's debts, assets, liabilities, income, and expenses.
2. Counsel the debtor regarding the advisability of filing a case under either chapter 7 or Chapter 13, discuss both types of cases with the debtor, and answer the debtor's questions.
3. Advise the debtor of the requirement and procedures for obtaining a credit counseling certificate and completing the debtor financial management course.
4. Advise the debtor of the requirement for providing documentation of income and tax return filings.
5. Explain which payments will be made directly by the debtor and which payments will be made through the debtor's Chapter 13 plan, particularly the mortgage and vehicle loan payments, and other claims that accrue interest.
6. Explain how to make the plan payments, including by use of electronic payments, and that the first Chapter 13 plan payment is due within 30 days of the petition filing date.
7. Explain how the attorney's fees and Chapter 13 Trustee's fees are paid and provide an executed copy of this document to the debtor.
8. Advise the debtor of the 341 Meeting of Creditors, how the Trustee conducts the hearing, and of the debtor's required attendance by phone or video conference or such other process required by the U.S. Trustee Program.
9. Advise the debtor of the necessity of maintaining insurance on vehicles securing loans or on leased vehicles.
10. Timely prepare and file the debtor's petition, plan, statements, and schedules

AFTER THE CASE IS FILED

**The debtor agrees to:**

1. Keep the Chapter 13 Trustee and debtor's attorney informed of the debtor's address and telephone number.
2. Inform the attorney of any wage garnishments or attachments of assets occurring after the case is filed.
3. Inform the attorney promptly if the debtor loses their job or has other financial problems.
4. Inform the attorney if the debtor is sued during the case.
5. Inform the attorney if any tax refunds are seized by the IRS or Franchise Tax Board during the case.
6. Inform the attorney before buying, refinancing, or selling real property, or before entering into long-term loan agreements, to learn if any approvals are required.
7. Pay directly to the attorney any filing fees and expenses that may be incurred.
8. Inform the attorney about any mortgage loan modification applications or approvals.

**The attorney agrees to:**

1. Appear at the 341 Meeting of Creditors with the debtor.
2. Respond to objections to plan confirmation, and when necessary, prepare an amended plan.
3. Prepare, file, and serve needed plan modifications, including plan payment changes.

*Rev. 10-13/2023*

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

4. Prepare, file, and serve needed amended court documents, based on information provided by the debtor.

5. Prepare, file, and serve needed motions to sell or refinance real property.

6. Object to improper or invalid claims, if needed, based upon documentation provided by the debtor.

7. Represent the debtor in motions for relief from stay.

8. Represent the debtor in motions to dismiss or convert.

9. Prepare, file, and serve needed motions or plan modifications to avoid liens on real or personal property.

10. Review debtor's annual reports.

11. Monitor debtor's submission of annual tax returns to Chapter 13 Trustee when the Trustee requests them.

12. Respond to creditor and Trustee inquiries.

13. Maintain contact with debtors regarding changes in their financial situation during the Chapter 13 case.

14. Assist debtor in submitting declarations and fulfilling other requirements for obtaining discharge.

15. Regarding any loan modification approval, inform Chapter 13 Trustee, and amend the plan as needed.

16. Provide such other ordinary legal services necessary for administering this case in the Bankruptcy Court.

17. <u>Legal services excluded</u> are Adversary Proceedings (except as provided below), appeals, and litigation in other courts, which shall only be as and if separately and mutually agreed between the debtor(s) and the attorney.

GUIDELINE FEES

The "Guidelines for Payment of Attorney's Fees in Chapter 13 Cases" for the Northern District of California provide for presumptively reasonable initial fees in the following amounts:

| **BASE CASE FEES** | |
| --- | --- |
| Basic case | $5,200 |
| Operating business - if Schedules I & J show business income & expenses | 3,000 |
| Business closed within six months prior to petition date | 1,500 |
| Real property (principal residence) with liens | 3,000 |
| Other real property with liens in default | 1,500 |
| Other real property with liens not in default | 800 |
| Tax claims | 1,200 |
| Student loans - excluding adversary proceedings | 500 |
| Cases with 25 or more creditors | 500 |
| Personal property loans or leases ($2,000 or more owed) (each) – **no** Motion or Attachment | 900 |
| Manufactured homes or mobile homes with secured claim(s) (each) | 1,500 |
| Domestic support arrears | 1,000 |
| Motions to extend or impose the automatic stay | 1,500 |
| Motion or plan with Attachment B: to value secured claim (each) <br> *[$600 for Motion/Attachment + $900 for personal property loans or leases = $1,500]* | 1,500 |
| Motion or plan with Attachment C: to void wholly unsecured lien (each) | 1,500 |
| Motion or plan with Attachment D: to avoid 522(f) lien (each) | 1,500 |

Initial fees charged in this case are $__**5,500.00**__.
In addition to these presumptively reasonable fees, in the following situations the attorney may apply to the court for the additional fees shown below which shall be approved upon application:

| **ADD ON FEES** - If the Case Involves Issues Referenced (per Instance) | |
| --- | --- |
| Post-confirmation plan modification (each) | 1,000 |
| Post-confirmation Amended Schedules I & J | 500 |
| Application or motion to sell, refinance, convey title, or purchase real property – no hearing set | 1,000 |
| Application or motion to sell, refinance, convey title, or purchase real property – yes, hearing set | 1,300 |
| Motion for relief from stay re personal property, if debtor's attorney opposes – yes, hearing set | 1,000 |
| Motion for relief from stay re real property, if debtor's attorney opposes – yes, hearing set | 1,300 |
| Post-confirmation motion to dismiss, if debtor's attorney opposes | 500 |
| Motion to modify plan filed by Trustee or creditor, if debtor's attorney opposes | 1,000 |

*Rev. 10-13/2023*

| | |
|---|---|
| Objections to claim, if no opposition is filed by creditor | 500 |
| Objections to claim, if opposition is filed by creditor & hearing is set | 1,000 |
| Mortgage Modification Mediation Program — inclusive, no additional flat fee for costs | 3,500 |
| Regarding new procedures announced by the US Dept of Education and US Dept of Justice:<br>If mutually agreed by debtor and attorney, adversary proceedings re student loans which are intended to result in uncontested undue hardship discharges; in addition, attorney may apply for additional fees exceeding this add on fee based on time records for this matter only. If the adversary proceeding becomes contested, debtor's counsel may choose to terminate representation of the debtor in the adversary, or may continue the contested representation as may be mutually agreed with the debtor. | 4,500 |

**Additional Fees**

In addition, if the presumptively reasonable fees ordered by the court are not sufficient to compensate the attorney for the legal services rendered and costs incurred in the case, the attorney further agrees to apply to the court for approval of additional fees and costs, attaching a supporting declaration with time records verifying the fees as reasonable, necessary, and not previously compensated by the fees provided herein. Reimbursement of advanced court fees shall be awarded independently of other fees and costs. Fees shall be paid through the plan unless otherwise ordered. The attorney may not receive fees directly from the debtor other than the initial retainer. If the debtor disputes the legal services provided or the fees charged by the attorney, debtor may file an objection with the court and set the matter for hearing. Debtor's attorney may move to withdraw or the debtor may discharge their attorney at any time.

Dated: **February 28, 2024**    **/s/ Cynthia Ann McCarn**
　　　　　　　　　　　　　　　　　 **Cynthia Ann McCarn**
　　　　　　　　　　　　　　　　　 Debtor1

Dated: 　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　 Debtor 2

Dated: **February 28, 2024**    **/s/ Evan Livingstone**
　　　　　　　　　　　　　　　　　 **Evan Livingstone 252008**
　　　　　　　　　　　　　　　　　 Debtor(s)' Attorney