Evan Livingstone (SBN 252008)
LAW OFFICE OF EVAN LIVINGSTONE
2585 Sebastopol Rd, Unit 7265
Santa Rosa, CA 95407
Phone (707) 206-6570
Fax    (707) 676-9112
Email: evanmlivingstone@gmail.com

Attorney for Debtor Cynthia Ann McCarn

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CYNTHIA ANN MCCARN<br><br>Debtor | Case No.      24-10069 DM<br>Chapter        13<br><br>**MOTION TO EXTEND THE AUTOMATIC STAY**<br>**11 U.S.C. § 362(c)(3)(B)**<br><br>Date:   March 13, 2024<br>Time:  10:15 AM<br>Judge: Hon. Dennis Montali<br>Place:  Telephone/Video |

**TO ALL CREDITORS, INCLUDING DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY MORTGAGE LOAN TRUST 2005-6AR, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-6AR C/O QUALITY LOAN SERVICE CORPORATION, ITS SERVICER, SPECIALIZED LOAN SERVICING, LLC, THE CHAPTER 13 TRUSTEE, THE UNITED STATES TRUSTEE, ALL INTERESTED PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Relief Requested: At the above date, time and place, Debtor CYNTHNIA ANN MCCARN will move the Court for an order to extend the automatic stay as to all creditors, pursuant to Bankruptcy Code § 362(c)(3)(B).

**FACTS**

Debtor owns a single-family dwelling at 8157 Mill Station Rd, Sebastopol CA 95472, in the County of Sonoma. This house is her principle and only residence. The value of Debtor's residence is about $1,480,100.

Debtor filed the instant bankruptcy petition under Chapter 13 on February 14, 2024.

Debtor has one lien on her house which is held by Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Mortgage Loan Trust 2005-6AR, Mortgage Pass-Through Certificates, Series 2005-6AR C/O Quality Loan Service Corporation. The loan servicer is Specialized Loan Servicing, LLC.

Although neither Deutsche Bank National Trust, nor Specialized Loan Servicing, LLC has filed a Proof of Claim, Debtor believes she owe them about $1,350,000, and she is about $183,000 behind on her payments. There is more than $100,000 in equity in Debtor's house.

Debtor previously filed bankruptcy case 23-10506 under Chapter 13 on October 11, 2023. That case was dismissed on November 29, 2023, after she failed to file documents required by the Court. This was the only previous case pending within the preceding year.

Debtor filed both the previous case and the current case with "skeleton" petitions that were prepared by an individual named David Grochowski and his company Legal Sales Stop. Debtor paid Mr. Grochowski more than $20,000 to help her obtain a loan modification of the mortgage on my home. It was Mr. Grochowski who prepared the paperwork and advised her to file the October 2023 and present bankruptcy petitions, after he failed to obtain a loan modification.

Debtor hired Evan Livingstone as her bankruptcy attorney on February 28, 2024. He has substituted into the case.

Debtor has filed a Chapter 13 plan indicating that Debtor will file a motion referring her case to the Mortgage Modification Mediation Program. If she is not able to obtain a loan modification, Debtor will amend her plan to sell her residence, so that she does not lose the substantial equity in her residence.

## POINTS AND AUTHORITIES

Bankruptcy Code § 362(c)(3)(A) provides that if a case is filed by a debtor who is an individual in a case under chapter 13, and if a case of the debtor was pending within the preceding 1-year period but was dismissed, the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt shall terminate with respect to

Case: 24-10069    Doc# 22    Filed: 03/06/24    Entered: 03/06/24 11:27:56    Page 2 of 4

the debtor on the 30th day after the filing of the later case.

Here Debtor filed a previous case on October 11, 2023. That case was dismissed on November 29, 202. Debtor filed the instant case on February 14, 2024. Without further order of the court, the automatic stay will terminate on March 15, 2024.

Bankruptcy Code § 362(c)(3)(B) provides that on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed.

Bankruptcy Code § 362(c)(3)(C) provides that a case is presumptively filed not in good faith if more than one previous case was pending or dismissed within the preceding 1-year period, or after the debtor failed to file or amend the petition or other documents as required by the bankruptcy code or the court without substantial excuse, or provide adequate protection as ordered by the court, or perform the terms of a plan confirmed by the court, or there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal the previous case, or any other reason to conclude that the later case will be concluded with a confirmed plan that will be fully performed.

Here, Debtor's previous case was dismissed two and a half months before the instant case was filed. It is true the prior case was dismissed because Debtor failed to file her schedules, statement of financial affairs, means test and other documents required by the bankruptcy code. So there is a presumption that the current case was not filed in good faith.

However, Debtor had a substantial excuse. Debtor was acting under influence of a Svengali-like loan modification con man, who charged her more than $20,000 and then advised her to file two "skeleton" petitions which he prepared to stop a pending foreclosure sale.

Also, there is good reason to conclude that the current case will be concluded with a confirmed plan that will fully performed, because in the current case, unlike the former, Debtor is represented by counsel, who will guide Debtor through the process, submit all required documents to the Chapter 13 trustee, and amend the plan as needed.

Debtor has filed a proposed Chapter 13 plan by which Debtor will seek an order referring her to the Mortgage Modification Mediation program to help negotiate a loan modification of her mortgage with Deutsche Bank National Trust. However, if Debtor is not able to obtain an affordable loan modification, then Debtor will amend her plan and seek a court order permitting her to sell her residence, so that she will not lose the approximately $100,000 of equity she has in her home.

Therefore, Debtor's current bankruptcy case is filed in good faith as to all creditors.

Furthermore, there is no presumption that the previous case was not filed in good faith as to secured creditor Deutsche Bank National Trust Company or its servicer, Specialized Loan Servicing, LLC, because there was no motion for relief from the stay filed by this creditor in the previous case.

Finally secured creditor Deutsche Bank National Trust Company, or its servicer, Specialized Loan Servicing, LLC, will not be prejudiced by the extension of the automatic stay, because its claim is over-secured by about $100,000 of equity in Debtor's home, and it can always file a motion for relief from stay with 14 days notice.

Therefore Debtor's current bankruptcy case is filed in good faith as to secured creditor Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Mortgage Loan Trust 2005-6AR, Mortgage Pass-Through Certificates, Series 2005-6AR C/O Quality Loan Service Corporation and its servicer, Specialized Loan Servicing, LLC.

**CONCLUSION**

WHEREFORE, Debtor prays that this Court grant this Motion to Extend the Automatic Stay, as to all creditors, after notice and opportunity to be heard, and for all other proper relief.

Dated: March 5, 2024

/s/ Evan Livingstone
Evan Livingstone
Attorney for Debtor